### COMMONWEALTH *vs.* JAMES F. KIRK.

On the trial of an indictment under *St.* 1855, *c.* 215, § 17, for being a common seller of intoxicating liquors, if the judge refuses to instruct the jury that proof of three sales will not of itself necessarily show that the defendant was a common seller, and instructs them that proof of three sales is sufficient evidence to warrant a verdict of guilty, the defendant has no ground of exception.

INDICTMENT on *St.* 1855, *c.* 215, § 17. Trial in the court of common pleas, before *Sanger,* J., who signed this bill of exceptions :

"At the trial, the government offered evidence of three sales of liquor by the defendant, or his agent, and there was other evidence tending to prove him a common seller. Before the case was submitted to the jury, the counsel for the defendant asked the presiding judge to instruct the jury that although the statute of 1855, *c.* 215, prescribed that three several sales of spirituous or intoxicating liquors shall be sufficient to constitute a person a common seller, and therefore the proof of three sales

will warrant a jury in finding a verdict of guilty, yet that the defendant, if he is proved to have made three sales, is not necessarily a common seller; and that the jury, although three sales are proved within the time named, would be warranted in acquitting the defendant, if there is no other evidence which showed him to be a common seller.

" But the presiding judge declined so to instruct the jury, and did instruct them, among other things, that the statute seemed to be clear and conclusive when it prescribed that three sales shall be sufficient evidence to constitute a common seller; and that, under the statute, the proof of three separate sales of spirituous and intoxicating liquors, either to the same person or to different persons, within the time named in the indictment, would be sufficient evidence, if believed, for them to find a verdict of guilty. The defendant was convicted and excepts."

*E. W. Kimball,* for the defendant, cited *Commonwealth* v. *Odlin,* 23 Pick. 275; *Commonwealth* v. *Tubbs,* 1 Cush. 2; *Commonwealth* v. *Perley,* 2 Cush. 559; *Commonwealth* v. *Rumrill,* 1 Gray, 388.

*A. A. Abbott,* (District Attorney,) for the Commonwealth.

DEWEY, J. We think the instructions given to the jury in the present case were right, and there was nothing in the case requiring any further instructions. By the statute three sales are declared sufficient to constitute the offence of being a common seller. *St.* 1855, *c.* 215, § 17. There was no other evidence tending to qualify the character of these sales, or to authorize the jury to acquit the defendant.         *Exceptions overruled.*